UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MOHAMMED DARWISH,

       Plaintiff,

  v.

MICHAEL POMPEO, *Secretary of State*;

CHAD F. WOLF,[1] *Acting Secretary of the Department of Homeland Security*;

U.S. DEPARTMENT OF STATE;

U.S. DEPARTMENT OF HOMELAND SECURITY;

JAMES LIGHT, *Customs and Border Protection Officer*;

ANDREW LIPKIND, *Assistant Chief Counsel*,

       Defendants.

18-CV-01370-LJV-MJR
DECISION & ORDER

---

On November 29, 2018, the plaintiff, Mohammed Darwish, commenced this action under Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101-1537; *Bivens v. Six Unknown Agents*, 403 U.S. 388, 398 (1971); and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671. Docket Item 1. On December 7, 2018, Darwish filed an amended complaint ("first amended complaint"). Docket Item 17. On

---

[1] When "a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending[, t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). The Clerk of Court shall substitute the current Acting Secretary of the Department of Homeland Security, Chad Wolf, for Kirstjen Nielsen.

August 1, 2019, the defendants moved to dismiss the first amended complaint, Docket Item 42; Darwish responded in opposition to that motion on October 24, 2019, Docket Item 54, and the defendants replied on November 25, 2019, Docket Item 60.

On October 29, 2019, Darwish moved to file a second amended complaint. Docket Items 55, 70. Defendants Pompeo, Wolf, the U.S. Department of State, and the U.S. Department of Homeland Security ("DHS") (collectively, "the moving defendants") responded in opposition to that motion on December 5, 2019, Docket Item 61; Darwish replied on February 3, 2020, Docket Item 70; and the moving defendants sur-replied on August 4, 2020, Docket Items 78, 79.

On January 31, 2020, Darwish moved for an enlargement of time in which to serve the second amended complaint on defendants Light and Lipkind. Docket Item 69.

In the meantime, the case had been referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 57. On August 19, 2020, Judge Roemer issued a Report and Recommendation ("R&R") finding that (1) the moving defendants' motion to dismiss, Docket Item 42, should be denied as moot; (2) Darwish's motion to file a second amended complaint, Docket Item 55, should be granted in part and denied in part; and (3) Darwish's motion for an enlargement of time to effect service on defendants Light and Lipkind, Docket Item 69, should be granted and the Court should "deem[ ] the prior service [on January 8, 2020,] timely." Docket Item 80. With respect to the second finding, Judge Roemer specifically recommended that counts one, two, three, and seven of the second amended complaint be dismissed; that counts four and five, asserting *Bivens* claims against defendants Light and Lipkind, be allowed to proceed; and that Darwish be

2

granted leave to replead count six, asserting an FTCA claim against the United States, to include facts showing that he had exhausted administrative remedies.  *Id.*

On September 1, 2020, the moving defendants objected to the R&R.  Docket Item 81.  They did not object to Judge Roemer's recommendation that Darwish's *Bivens* claims be permitted to proceed and that he be granted leave to replead his FTCA claim, but they did object to the R&R's "implicit finding" that defendants Light, Lipkind, and the United States "were properly served with the [a]mended [c]omplaint."  *Id.* at 2, 4.  On September 22, 2020, Darwish responded to the objections, Docket Item 81, and on September 22, 2020, the moving defendants replied.  Docket Item 83.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendations of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge Roemer.  Based on that *de novo* review, the Court accepts and adopts Judge Roemer's recommendations to deny the moving defendants' motion to dismiss as moot; to grant Darwish's motion to file the second amended complaint but to dismiss those claims as

3

to which amendment would be futile; and to grant Darwish's motion for an enlargement of the time to effect service.[2]

In granting Darwish's motion to amend his complaint, Judge Roemer found that Darwish's service of Light and Lipkind was "*timely*" under Rule 4(m). Docket Item 80 at 21 n.11.[3] He made no finding with respect to the *sufficiency* of that service.[4] And to the extent any such finding might be implied from other parts of the R&R, the conclusion would be no more than *dicta*. The issue of the propriety of service was not before Judge Roemer, and courts do not have an independent duty to confirm, in the early stages of litigation, that they have personal jurisdiction over parties. *Cf. Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("Because personal jurisdiction can be waived by a party, a district court should *not* raise personal jurisdiction *sua sponte* when a defendant has appeared and consented,

---

[2] Darwish has not objected to any portion of the R&R, and his time to do so has expired. Although not required to do so in light of the above, this Court nevertheless has reviewed those portions of Judge Roemer's R&R to which no objection was raised. Based on that review and the absence of any objections, the Court accepts and adopts those recommendations as well.

[3] The moving defendants raised the issue of *timeliness* with respect to Light and Lipkind in their opposition to Darwish's motion to amend, but they did not raise the issue of sufficiency as to those defendants. *See* Docket Item 61 at 12-14. Indeed, doing so would not have been possible given that defendants Light and Lipkind were not served until January 6, 2020—one month after the moving defendants opposed Darwish's filing the second amended complaint. *See* Docket Items 67, 68. And in opposing Darwish's second amended complaint, the moving defendants did not raise any issue regarding service on the United States, instead arguing that Darwish had failed to exhaust administrative remedies. *See id.* at 15-18.

[4] The moving defendants appear to acknowledge as much in their reply to this Court: "There is no discussion in the R&R of the adequacy of service on Light, Lipkind, or the United States, nor does the R&R contain any analysis of the provisions regarding service . . . . Therefore, [Darwish] cannot argue that [Judge Roemer] addressed the question of adequacy of service." Docket Item 84 at 2.

4

voluntarily or not, to the jurisdiction of the court.  But when a defendant declines to appear, a plaintiff generally proceeds by means of a motion for default judgment, and we agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." (alteration in original) (citations omitted)).

The same is true with respect to the moving defendants' objection about the sufficiency of Darwish's service upon the United States.  The United States was not a party to the first amended complaint, and Judge Roemer had no independent duty to address the issue of service in deciding whether to grant Darwish leave to amend.  Courts do not operate to "declar[e] the meaning of the law in a vacuum [or] construct[ ] generalized legal rules unless the resolution of an actual dispute requires it."  *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013).

In short, Judge Roemer was not asked to decide whether Darwish's service of the non-moving defendants was sufficient, and so this Court has no occasion to comment on that issue.  If Light, Lipkind, and the United States wish to challenge the sufficiency of service—or if Darwish wants leave to effect service in a different manner—doing so remains within those parties' prerogatives.

## **CONCLUSION**

For the reasons stated above and in the R&R, the defendants' motion to dismiss the first amended complaint, Docket Item 42, is DENIED as moot; the plaintiff's motion to amend his complaint, Docket Item 55, is GRANTED; certain claims in the second amended complaint, Docket Item 70-1, are DISMISSED; and the plaintiff's motion to extend his time to serve defendants Light and Lipkind, Docket Item 69, is GRANTED.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that Darwish's motion to file a second amended complaint is GRANTED; and it is further

ORDERED that counts one, two, three, and seven of the second amended complaint, Docket Item 70-1, are DIMISSED; and it is further

ORDERED that the Clerk of Court shall terminate defendants Pompeo, Wolf, U.S. Department of State, and U.S. Department of Homeland Security as parties to this action; and it is further

ORDERED that Darwish's motion to enlarge his time to effect service on defendants Light and Lipkind is granted and any prior service on January 8, 2020, is deemed timely; and it is further

ORDERED that defendants Light and Lipkind shall answer, move against, or otherwise respond to the second amended complaint consistent with the obligations imposed by the Federal Rules of Civil Procedure; and it is further

ORDERED that Darwish may amend his second amended complaint within 30 days to assert a cognizable claim under the FTCA against the United States; and it is further

ORDERED that if Darwish does not amend his claim against the United States within 30 days of the date of this order, his claims against the United States shall be dismissed and the Clerk of Court shall terminate the United States as a party to this action without further order; and it is further

ORDERED that the case is referred back to Judge Roemer under 28 U.S.C. § 636(b)(1)(A) to hear and determine all non-dispositive pretrial matters in this case.

SO ORDERED.

Dated: October 9, 2020
Buffalo, New York

                                      */s/ Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE